IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14CR00120-001H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT ORDER |
| | ) | |
| TERESA LYN FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

The Court, upon the consent of the parties, as shown by their signatures below, hereby enters the following Order.

The parties have informed the Court that foreclosure of the property located at 2905 Cone Manor Lane, Raleigh, North Carolina is imminent, and action needs to be taken to protect the personal property located at such property and other personal property.

Therefore, upon the consent of the parties, and pursuant to the authority of 18 U.S.C. § 3614(a), the Court hereby ORDERS:

1. Fletcher, her representatives, nominees, attorneys, agents, family members, and assigns be and are hereby RESTRAINED from selling, transferring, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, or removal from any checking, savings, or any other

account, all or part of the defendant=s interest, direct or indirect, in all property, real or personal, of the defendant Fletcher, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard.

2. The U. S. Marshals Service will levy on the personal property located at 2905 Cone Manor Lane, Raleigh, North Carolina 27613, and sell it, with the proceeds to be applied to the anticipated restitution in this case. The U. S. Marshals Service is further authorized, at its discretion, to contract with an auctioneer or brokerage firm in order to maximize the sale of the personal property. The U. S. Marshals Service is not be required to sell the personal property at auction, on the premises of the property, or at the courthouse, and any reasonable advertising may be used, so long as it is done in a commercially reasonable manner. No official Notice of Sale needs to be issued and posted at the county courthouse. No other process needs to be served on the Defendant prior to the sale, and the Notice of Levy does not need to be filed with the county.

3. The U. S. Marshals Service will file a Report of Sale with the Court within five (5) days after the sale is completed. All sale proceeds will be turned over to the Court to be applied to the anticipated restitution. The sale will be final after the Report of Sale is filed with the Court.

4. Pursuant to 28 U.S.C. § 3102(d)(2), made applicable by 28

U.S.C. § 3203(d)(1), the United States Marshals Service is authorized, in performing a levy on personal property, to use any and all necessary reasonable force to enter and remain on any property owned, occupied, or controlled by the debtor in order to inventory and/or levy on personal property of the Defendant. The United States Marshals Service is authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of the Order. In the event the U. S. Marshals Service locates a safe, locked doors and/or compartments on said property, they are further authorized to have them opened or drilled in order to inventory and/or levy on its contents. A written inventory will be completed on all property removed from the residence.

5. If any person wishes to make a claim of ownership against any personal property removed by the U. S. Marshals Service, they must file a Notice with the Court within 10 days after Levy is made.

6. The Defendant shall turn over all financed vehicles to the financial lien holder of record for each vehicle within ten (10) days from the filing of this Order. Defendant shall disclose the location of each vehicle to the United States Marshals Service so that the financial lien holder can take possession of the vehicles. The Marshals Service is authorized, if necessary, to escort representatives of the lienholders onto the property located at 2905

Cone Manor Lane, Raleigh, North Carolina (or such other property where the vehicles are located) for the purpose of allowing the lienholders to take possession of the vehicles through repossession.

7. To the extent that any lienholder of real or personal property is a victim of the offense to which the Defendant has pled guilty, and to the extent that the sale of any of the real or personal property listed above reduces the damages of such victim, the Defendant will be given the appropriate credit towards restitution at or after sentencing.

7. The Defendant will provide a completed Financial Affidavit under oath to the United States Attorney's Office within ten (10) days from the filing of this Order, pursuant to the terms of the Defendant's Plea Agreement.

SO ORDERED, this 6th day of February, 2015.

_____
MALCOLM J. HOWARD
United States District Judge

CONSENTED TO:

_____     2/5/15
ADAM F. HULBIG                DATE
Assistant United States Attorney

_____     2/4/15
WILLIAM ANDREW LeLIEVER       DATE
Attorney for Defendant

_____  2/4/15
TERESA LYN FLETCHER              DATE
Defendant