IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-120-H

UNITED STATES OF AMERICA,      )
                               )
    v.                         )
                               )    **ORDER**
                               )
TERESA LYN FLETCHER,           )
    Defendant.                 )
                               )

This matter is before the court on defendant's Motion to Clarify Financial Responsibility Payment, [D.E. #107]. The government has filed a response, and the defendant has filed a reply.

After conducting a thorough review of the record, the court notes incongruence between its oral pronouncement of judgment and the subsequently entered written judgment. During the oral pronouncement of judgment at defendant's sentencing hearing, the court stated:

> The Court finds that you do not have the ability to pay a fine in addition to Court-imposed restitution, therefore no fine is being imposed. Payment of restitution is due and payable immediately; *however, if you're unable to pay, the special assessment and restitution may be paid through the inmate financial responsibility program* **at the rate of $25 per quarter** *during your incarceration...*

(Official Transcript of Mot'n Hear'g and Sent'g Hear'g, [D.E. #75], at 37 (emphasis added).) When reduced to writing, the judgment stated in relevant part that in the event defendant is

unable to pay the special assessment and restitution in full immediately, she must pay "a **minimum payment of $25 per quarter** through the IFRP, if available." (Judgment, [D.E. #59], at 6 (emphasis added).) Therefore, the reduced written judgment, by inserting the word "minimum," allows for a greater quarterly payment to be assessed to defendant through the IFRP than the pronouncement of judgment at defendant's sentencing hearing.

As a consequence, the court DIRECTS the government to SHOW CAUSE within **10 days** why this court should not enter an order pursuant to Rule 36 of the Federal Rules of Criminal Procedure correcting this incongruence to make the reduced written judgment reflect the oral pronouncement of judgment entered at defendant's sentencing hearing. See <u>Hill v. United States ex rel. Wampler</u>, 298 U.S. 460, 464 (1936) (The oral sentence pronounced by the sentencing judge constitutes the judgment, and anything inconsistent with the judgment which is included in a commitment order is a nullity); <u>see also</u> Fed.R.Crim.P. 36 (Permitting the court to correct a clerical error in the judgment at any time after giving appropriate notice).

This 30th day of June 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34