IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-120-1H
No. 5:16-CV-823-H

TERESA LYN FLETCHER,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [DE #128], petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #118, #124]. Petitioner has filed a response, [DE #130], and this matter is ripe for adjudication.

Also before the court is counsel for petitioner's motion to withdraw as attorney, [DE #101]. As the instant motion to vacate under 28 U.S.C. § 2255, [DE #118, #124] and petitioner's response, [DE #130], were filed by the attorney moving to withdraw, this motion is MOOT and is hereby DENIED.

## BACKGROUND

On September 8, 2014, petitioner pled guilty pursuant to a written plea agreement to bank fraud, in violation of 21 U.S.C. § 1344 (Counts One and Two) and wire fraud, in violation of 18 U.S.C. § 1341 (Count Three). [DE #25]. At sentencing on February 14, 2015, this court sentenced petitioner to 60 months as to Counts One, Two, and Three to run concurrently.

Petitioner appealed and subsequently filed a motion to dismiss the appeal. The Fourth Circuit granted the motion to voluntarily dismiss the case in a judgment entered September 2, 2015. Petitioner timely filed this motion to vacate on September 2, 2016 and a corrected motion to vacate on October 20, 2016, alleging ineffective assistance of counsel. Specifically, she alleges counsel was ineffective by failing to object to enhancements in the PSR for sophisticated means and obstruction of justice.

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

2

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court has carefully reviewed petitioner's motion and supporting memorandum, the government's motion to dismiss and supporting memorandum, and the petitioner's response to the motion to dismiss. For the reasons stated in the government's memorandum, the court finds petitioner has failed to state a claim upon which relief may be granted, specifically that she has failed to state a claim for ineffective assistance of counsel. Defense counsel filed four detailed objections to the PSR regarding the amount of loss, an enhancement for obtaining more than $1,000,000 from a financial institution, and loss of acceptance of responsibility, evidencing that the lack of other objections was a strategic choice. Further, there is no evidence the outcome would have been different. Therefore, the § 2255 motion fails.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #128], is GRANTED. Petitioner's motion, [DE #118, #124], is DISMISSED. Petitioner's motion to withdraw as attorney, [DE #101], is hereby DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by

3

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 23rd day of January 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

4